UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICOLAS DAYTER,

                        Plaintiff,

        -against-                                          9:19-CV-0301 (LEK/ATB)

ARIEL FALLON, *et al.*,

                        Defendants.

_____

## DECISION AND ORDER

### I.      INTRODUCTION

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nicholas

Dayter asserting claims under 42 U.S.C. § 1983 arising out of his confinement at Albany County

Correctional Facility. Dkt. No. 1 ("Complaint"). Plaintiff has not paid the filing fee for this action

and seeks leave to proceed in forma pauperis ("IFP"). Dkt. No. 6 ("IFP Application").[1] Plaintiff

also filed a motion for preliminary injunctive relief, Dkt. No. 4 ("Motion for Preliminary

Injunction"), and supporting materials, Dkt. Nos. 4-1 ("Plaintiff's Affidavit"), 4-2 ("Massey

Affidavit"),[2] 8 ("Letter in Support"). For the reasons explained below, the Court: (1) grants the

IFP Application; (2) holds that Plaintiff's Fourteenth Amendment excessive force, failure-to-

protect, conditions-of-confinement, and medical indifference claims survive initial review and

require a response; and (3) denies the Motion for Preliminary Injunction.

---

[1] On March 6, 2019, this action was administratively closed due to Plaintiff's failure to submit a certified application for IFP status. Dkt. No. 5 ("March 6 Text Order"). The Court reopened the case on March 15, 2019, upon receipt of the required filing. Dkt. No. 7 ("March 15 Text Order").

[2] Obataiye Massey is an inmate residing in the cell adjacent to Plaintiff's.

## II.     IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." Cash v. Bernstein, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[3] "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts." Id. (citing § 1915(b) and Harris v. City of New York, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review of Plaintiff's IFP Application (Dkt. No. 6), the Court finds that Plaintiff has demonstrated sufficient economic need to proceed IFP. See § 1915(a)(2). Plaintiff has also filed the inmate authorization form required in this district. Dkt. No. 3 ("Inmate Authorization Form"). The Court therefore grants Plaintiff's IFP Application.

## III.    SUFFICIENCY OF THE COMPLAINT

### A.     Standard of Review

When a prisoner seeks to proceed IFP against government officers, the Court must review the Complaint to "identify cognizable claims" and dismiss any claim that is " frivolous or malicious,"[4] "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." §§ 1915(e)(2)(B), § 1915A.

---

[3] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," the prisoner has filed three or more actions that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. § 1915(g). The Court has reviewed Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records Service. http://pacer.uspci.uscourts.gov. It does not appear from that review that Plaintiff had accumulated three strikes for purposes of § 1915(g) as of the date this action was commenced.

[4] A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

To state a claim on which relief may be granted, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In determining whether a complaint states a "plausible" claim, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court may disregard "[t]hreadbare recitals of the elements of a cause of action" and "labels and conclusions" that are "devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 555). When there are non-conclusory factual allegations, the Court must "draw[] all reasonable inferences [from them] in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). To "nudge[] the claims across the line from conceivable to plausible," a complaint need only "raise a reasonable expectation that discovery will reveal evidence" that the defendant is liable for the wrongdoing alleged, "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556.

Courts must construe pro se submissions "liberally and interpret[ ] them to raise the strongest arguments that they suggest." Sykes v. Bank of Am., 723 F. 3d 399, 403 (2d Cir. 2013); see also Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) (stating that in construing the plaintiff's claims, "the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings"). And they must exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983).

**B.      Summary of the Complaint**

On August 15, 2018, while Plaintiff was a pretrial detainee at Albany County Correctional Facility, defendant Correctional Officers Dave and Mark L. "threatened" him, though it is unclear how. Compl. at 5. At approximately 12:00 p.m. that day, defendant Assistant District Attorney Ariel Fallon contacted the facility and "ordered officers" to assault Plaintiff. Id. At 4:00 p.m., Plaintiff was escorted out of the "2 West Tier" into the hallway and assaulted by officers Dave, Mark L., and another defendant, Sergeant McNally. Id. Defendants punched, kicked, beat, and tased Plaintiff. Id. As a result, Plaintiff lost consciousness, urinated blood, and suffered from bruising, a concussion, cracked ribs, and post traumatic stress disorder. Id. Plaintiff was denied medical attention and placed in a cell on "East 23 CFU," isolated from other inmates. Id.

Construing the Complaint liberally, Plaintiff asserts Fourteenth Amendment failure-to-protect, excessive force, conditions of confinement, and medical indifference claims. Plaintiff also claims that Defendants retaliated against him for exercising First Amendment rights and violated his rights to equal protection and procedural due process under the Fourteenth Amendment. Id. at 6–8. He seeks monetary damages. Id. at 7.

**IV.      ANALYSIS**

42 U.S.C. § 1983 establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

**A. Claims Against Albany County Correctional Facility Medical Unit and Albany County District Attorney's Office**

Plaintiff identifies the Albany County Medical Unit and District Attorney's Office as defendants in the caption of his Complaint. He claims that the District Attorney's Office failed to protect him and "allowed" Fallon to order the assault, and that the Medical Unit refused to provide medical treatment and "covered up" the assault. Compl. at 7–8. However, neither the Albany County Medical Unit not Albany County are entities suable under § 1983. See Booker v. Doe, No. 11-CV-1632, 2011 WL 3648275, at *2 (E.D.N.Y. Aug. 10, 2011) ("The Office of the District Attorney for Suffolk County is an administrative arm of Suffolk County and therefore is not a suable entity"); Ferguson v. Morgan, No. 90-CV-6318, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (holding that "Otisville Correctional Facility Medical Staff" was not suable under § 1983) (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 105 (1989)). Therefore, the Court dismisses the Albany County Medical Unit and District Attorney's Office as defendants and construes the claims against them to be asserted against Albany County. See Jackson v. County of Nassau, 07-CV-245, 2010 WL 335581, at *5 (E.D.N.Y. Jan. 22, 2010) (construing claims against Nassau Count District Attorney's Office as against the County of Nassau).

Nevertheless, the Court will grant Plaintiff leave to amend his Complaint to identify individual staff members whom he alleges failed to protect him or denied him medical care. See Martin, 2000 WL 303262, at *1 (affording the plaintiff leave to file an amended complaint to identify at least one provider who had been deliberately indifferent to his medical needs) (citing Soto v. Brooklyn Corr. Facility, 80 F.3d 34 (2d Cir.1996) (permitting plaintiff to file amended complaint where inmate named only correctional facility and was not aware of the requirement

that he name individuals)).

## B. Claims Against Albany County

"A municipality cannot be held liable solely because it employ[s]" the wrongdoer. Monell

v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). "Congress did not intend municipalities to be

held liable [under § 1983] unless action pursuant to official municipal policy of some nature

caused a constitutional tort." Id. Therefore, "governments should be held responsible [in § 1983

claims] when, and only when, their official policies cause their employees to violate another

person's constitutional rights." City of St. Louis v. Praprotnik, 485 U.S. 112, 122 (1988).

As a result, in order for a municipality to be liable under § 1983 for acts of a public

official, the plaintiff must plausibly allege that an official policy of the municipality caused the

constitutional injury. Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell,

436 U.S. at 690–91). To plead the existence of a municipal policy, Plaintiff must allege one of

the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions
> taken by government officials responsible for establishing the
> municipal policies that caused the particular deprivation in question; (3)
> a practice so consistent and widespread that, although not expressly
> authorized, constitutes a custom or usage of which a supervising
> policy-maker must have been aware; or (4) a failure by policymakers to
> provide adequate training or supervision to subordinates to such an
> extent that it amounts to deliberate indifference to the rights of those
> who come into contact with the municipal employees.

Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010). The plaintiff must also

allege an "affirmative link" between the municipal policy and the constitutional violation at issue.

Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985).

The Complaint does not plausibly allege a policy, custom or practice that would support

6

municipal liability on the part of Albany County. Plaintiff has not identified a policy or custom of

Albany County that caused a state officer to violate his constitutional rights. Accordingly, Plaintiff's

claims against Albany County are dismissed without prejudice.

**C. Fourteenth Amendment**

Because Plaintiff was confined as a pretrial detainee, his failure-to-protect, excessive force,

conditions-of-confinement, and medical indifference claims are governed by the Due Process Clause of

the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth

Amendment. See Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

*1. Excessive Force and Failure to Protect*

A pretrial detainee, unlike a convicted prisoner, need not show that a defendant-officer knew his

use of force was excessive. See Kingsley v. Hendrickson, 135 S.Ct. 2466, 2470–71 (2015). Rather, "a

pretrial detainee must only show that the force purposely or knowingly used against him was objectively

unreasonable to prevail on an excessive force claim." Id. at 2473. Whether force was objectively

unreasonable depends on:

> the relationship between the need for the use of force and the amount
> of force used; the extent of the plaintiff's injury; any effort made by the
> officer to temper or to limit the amount of force; the severity of the
> security problem at issue; the threat reasonably perceived by the officer;
> and whether the plaintiff was actively resisting.

Kingsley, 135 S.Ct. at 2473 (noting that the above factors are illustrative).

Plaintiff alleges that Fallon directed Dave, Mark L., and McNally to commit an

unprovoked, premeditated assault that caused Plaintiff extensive injuries. Compl at 5. These

allegations are sufficient to require a response to his Fourteenth Amendment failure-to-protect

and excessive force claims against Fallon, Dave, Mark L., and McNally.

The Court also finds that Defendants are not entitled to absolute immunity or qualified

immunity at this early stage. Absolute immunity shields prosecutors from suit pursuant to § 1983

"when they function as advocates for the state in circumstances 'intimately associated with the

judicial phase of the criminal process.'" Bernard v. Cnty. of Suffolk, 356 F.3d 495, 502 (2004)

(quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). "The absolute immunity accorded to

government prosecutors encompasses not only their conduct of trials but all of their activities that

can fairly be characterized as closely associated with the conduct of litigation or potential

litigation." Juste v. Vilardo, No. 17-CV-6842, 2018 WL 401522, at *3 (W.D.N.Y. Jan. 12, 2018)

(citing Barrett v. United States, 798 F.2d 565, 571–72 (2d Cir. 1986)).  Absolute immunity

applies to such activities regardless of the prosecutor's motive. Dorman v. Higgins, 821 F.2d

133, 139 (2d Cir. 1987); see also Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute

immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of

motivation, associated with his function as an advocate."). Nevertheless, to determine whether

absolute immunity attaches, the Court must "examine the nature of the function performed, not

the identity of the actor who performed it." Kalina v. Fletcher, 522 U.S. 118, 127 (1997). When a

prosecutor "performs 'investigative' or 'administrative' acts, he enjoys only qualified immunity"

like other state officials. McDonald v. Doe, 650 F. Supp. 858, 860 (S.D.N.Y. 1986). Qualified

immunity only attaches when an officer's alleged conduct would violate clearly established law

of which a reasonable officer would have known. Ashcroft v. Al-Kidd, 563 U.S. 731, 741 (2011).

> Against a claim that he or she ordered a beating, a prosecutor
>
> enjoys only qualified immunity. Such an order would be entirely divorced from any
> quasi-judicial exercise of discretion in the orderly prosecution of a case, and could
> only conceivably have issued in the course of those of the prosecutor's roles that are

either investigative (such as directing the interrogation or apprehension of a defendant) or administrative (physically getting a defendant to court).

McDonald, 650 F. Supp. at 860. And since directing a beating of a prisoner violates clearly established law, neither Fallon nor the other defendants are entitled to immunity at this stage of the case. Id.

### 2. Conditions of Confinement including Medical Indifference

"A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions." Darnell, 849 F.3d at 29 (citation omitted). The applicable test has two prongs. First, the pretrial detainee must show that the conditions were "sufficiently serious" as to constitute objective deprivations of constitutional rights. Id. at 29. "[T]he inmate must show that the conditions, either alone or in combination, pose 'an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" Id. (quoting Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013)). Second, the pretrial detainee must show that the officer acted with deliberate indifference to the challenged conditions. Darnell, 849 F.3d at 29. To do so, he must allege facts showing that "the defendant-official acted *intentionally* to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official *knew, or should have known*, that the condition posed an excessive risk to health or safety." Bruno v. City of Schenectady, 727 F. App'x 717, 720 (2d Cir. Mar. 16, 2018 ) (citing Darnell, 849 F.3d at 35). Unlike a convicted prisoner, a pretrial detainee alleging unconstitutional conditions of confinement need not show that the defendant "disregarded a risk of harm of which he was

*aware*." Id. (citations omitted) (emphasis added).

Plaintiff alleges that McNally, Dave, and Mark L. denied his requests for medical attention after the assault and placed him in an "isolated" cell with "bad medical conditions." Compl. at 5–8. At this juncture, the Court finds that Plaintiff's Fourteenth Amendment due process claims related to his conditions of confinement and deliberate indifference to his serious medical needs against McNally, Dave, and Mark L. require a response.

Although the Court holds that Plaintiff's Fourteenth Amendment claims survive initial review, it expresses no opinion on whether they can withstand a properly filed motion to dismiss.

### D.      Procedural Due Process, Equal Protection, and Retaliation Claims

Plaintiff asserts that Defendants retaliated against him in violation of the First Amendment and violated his rights to equal protection and procedural due process under the Fourteenth Amendment. Compl. at 6–7. To plead a First Amendment retaliation claim under § 1983, a prisoner must allege that he engaged in conduct protected by the First Amendment that motivated the defendant-official to retaliate against him. Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004).  To plead "a violation of the Equal Protection Clause," Plaintiff's allegations must suggest "that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination" and that the disparate treatment was not "reasonably related to [any] legitimate penonological interest." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005) (citations omitted). Finally, to plead that prison officials violated procedural due process when they placed a prisoner in segregated confinement, the allegations must show that the confinement "impose[d] [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without first providing a fair hearing. Palmer v. Richards, 364

F.3d 60, 64 (2d Cir. 2004) (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)).

However, Plaintiff does not state facts suggesting that he engaged in speech for which he was punished, that he was discriminated against, or that he was denied a fair hearing before being placed in isolation. "[C]onclusory allegation of constitutional violations, without more, fail to state a claim upon which relief may be granted." <u>Christian v. Town of Riga</u>, No. 08-CV-6557, 2009 WL 63049, at *1 (W.D.N.Y. Jan. 6, 2009) (citing <u>Barr v. Abrams</u>, 810 F.2d 358, 363 (2d Cir.1987)). Accordingly, Plaintiff's equal protection, procedural due process, and retaliation claims are dismissed without prejudice.

## V.  MOTION FOR PRELIMINARY INJUNCTION

Plaintiff is now in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mohawk Correctional Facility. In his Motion for Preliminary Injunction and supporting affidavit, he asserts that Sergeant Mussian, Officer J. Crescent, Officer Reinzo, Senior Offender Rehabilitation Coordinator S. Flanagan, and ORC Donohue are retaliating against him, sexually harassing him, tampering with his mail, and planting contraband in his cell at Mohawk. Pl.'s Aff. at 1-2; Letter in Supp. He moves for an order directing them to stop. P.I. Mot. at 1.

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." <u>Moore v. Consol. Edison Co. of N.Y.</u>, 409 F.3d 506, 510 (2d Cir. 2005) (quoting <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997)). To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either: (1) a substantial likelihood of success on the merits of the claim; or (2) sufficiently serious questions going to the merits and a balance

of hardships tipping decidedly in his favor. Citigroup Global Markets, Inc. v. VCG Special

Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). He must also show "that the

balance of equities tips in his favor, and that an injunction is in the public interest." Id.

An imminent violation of a constitutional right may create a presumption of irreparable

harm. Jolly v. Coughlin, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future

injury is not the province of injunctive relief. Los Angeles v. Lyons, 461 U.S. 95, 111–12 (1983).

Thus, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that

"absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor

speculative, but actual and imminent, and one that cannot be remedied if a court waits until the

end of trial to resolve the harm." Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.,

437 F. App'x 57, 58 (2d Cir. 2011) (quoting Faiveley Trans. Malmo AB v. Wabtec Corp., 559

F.3d 110, 118 (2d Cir. 2009)). A finding of irreparable harm cannot be based solely on past

conduct. Haden v. Hellinger, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11,

2016). And there must be "a relationship between the injury claimed in the motion and the

conduct giving rise to the complaint." Candelaria v. Baker, No. 00-CV-0912, 2006 WL 618576,

at *3 (W.D.N.Y. Mar. 10, 2006). Courts view requests for injunctive relief against prison

officials with "caution" to avoid "becoming enmeshed in the minutiae of prison operations."

Farmer v. Brennan, 511 U.S. 825, 846–47 (1994)) (other citations omitted).

Injunctive relief is inappropriate at this stage for at least three reasons. First, Plaintiff

seeks relief against non-parties, who may be bound only in limited circumstances not present

here. See Fed. R. Civ. P. 65(d)(2); see also Doctor's Associates, Inc. v. Reinert & Duree, P.C.,

191 F.3d 297, 302–03 (2d Cir. 1999) (vacating injunction purporting to bind parties not named in

complaint and not acting in concert with defendants). Second and relatedly, assertions in the

Motion for Preliminary Injunction and supporting papers bear no relation to the claims alleged in

Plaintiff's Complaint. See Allen v. Brown, No. 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y.

Apr. 28, 1998) (denying request for injunctive relief because allegations in support of injunction

were unrelated to claims asserted in the complaint). Finally, the affidavits in support of Plaintiff's

motion include no concrete facts to support his bare conclusions that the Mohawk officers are

"trying to . . . harass," "threaten," "assault," and "intimidate" him or tamper with his mail. Pl.'s

Aff. at 2; Massey Aff. at 1; see Southerland v. N.Y.C. Hous. Auth., No. 10-CV-5243, 2011 WL

73387, at *3 (E.D.N.Y. Jan. 7, 2011) (explaining that "motions for preliminary injunctions are

'frequently denied if the affidavits [in support of the motion] are too vague or conclusory to

demonstrate a clear right to relief under Rule 65'" (quoting 11A C. Wright & A. Miller, Fed.

Practice & Proc., § 2949 (2004)). Therefore, Plaintiff has not demonstrated that he is likely to

prove the misconduct alleged in his complaint or that it (or any other conduct) poses a threat of

irreparable harm to him. Accordingly, the Motion for Preliminary Injunction must be denied.[5]

## VI.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff''s IFP Application (Dkt. No. 6) is **GRANTED**;[6]

---

[5] If Plaintiff wishes to include these new allegations in this action, he must file a supplemental pleading pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules. Plaintiff is also advised that concerns regarding his current conditions of confinement at Mohawk should be addressed through administrative channels at Mohawk and DOCCS and, if necessary, by means of a properly filed action in the appropriate district court.

[6] Plaintiff should note that, although the Court has granted his application to proceed IFP, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility designated by

Plaintiff as his current location with a copy of Plaintiff's Inmate Authorization Form (Dkt. No. 3)

and notify the official that this action has been filed and that Plaintiff is required to pay the

Northern District of New York the statutory filing fee of $350.00 in installments, over time,

pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of Plaintiff's Inmate

Authorization Form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED**, that Plaintiff's § 1983 claims against Albany County Correctional Facility

Medical Staff and the Albany County District Attorney's Office are **DISMISSED with**

**prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a

claim upon which relief may be granted; and it is further

**ORDERED**, that the following claims are **DISMISSED without prejudice** pursuant to

28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which

relief may be granted: (1) the claims against Albany County; (2) the procedural due process

claims; (3) the equal protection claims; and (4) the retaliation claims;[7] and it is further

**ORDERED**, that the following claims survive initial review under 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) Fourteenth Amendment

excessive force and failure-to-protect claims against Assistant District Attorney Ariel Fallon,

---

[7] If Plaintiff wishes to pursue any claim dismissed without prejudice, he is advised that,
if accepted for filing, any amended complaint will entirely replace the original complaint and
incorporation of prior claims is not permitted.

Correctional Officers Dave and Mark L, and Sergeant McNally; and (2) Fourteenth Amendment claims against Dave, Mark L., and McNally related to Plaintiff's conditions of confinement and deliberate medical indifference; and it is further

**ORDERED**, that the Clerk shall issue summonses and forward them, along with copies of the Complaint, to the United States Marshal for service upon the remaining defendants.[8] The Clerk shall forward a copy of the summonses and Complaint to the Office of the County Attorney for Albany County, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Complaint be filed by the remaining defendants, or his/her counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that Plaintiff shall take reasonable steps through discovery to ascertain the identities of C.O. Dave and C.O. Mark L. Plaintiff's **failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED**, that all pleadings, motions, and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk**

---

[8] Plaintiff is advised that the United States Marshals Service cannot effect service on an unidentified defendant. If Plaintiff wishes to pursue any claims against any Correctional Officers Dave or Mark L, he must take reasonable steps to ascertain the identity of those defendants. Upon learning the identity of any unnamed defendant, Plaintiff must amend his complaint to properly name him or her as a defendant. If Plaintiff fails to ascertain the identity of any defendant so as to permit the timely service of process, all claims against that individual will be dismissed.

**must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of his action**; and it is further

ORDERED, that Plaintiff's Motion for a Preliminary Injunction (Dkt. No. 4) is **DENIED**; and it is further

ORDERED, that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:      April 22, 2019
            Albany, New York

Lawrence E. Kahn
U.S. District Judge