```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

NICHOLAS DAYTER,

                                Plaintiff,

   v.                                            9:19-CV-0301
                                                           (LEK/ATB)

ARIEL FALLON, *et. al.*,

                                Defendant(s).

APPEARANCES:

NICHOLAS DAYTER
18-A-3400
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

ALBANY COUNTY ATTORNEY'S OFFICE      MICHAEL L. GOLDSTEIN, ESQ.
Attorney for Defendants
112 State Street
Albany, NY 12207

ANDREW T. BAXTER
United States Magistrate Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

Pro se plaintiff Nicholas Dayter ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Albany County Correctional Facility ("Albany County C.F."). Dkt. No. 1 ("Compl."). In a Decision and Order filed on April 22, 2019 (the "April Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 10. Based upon that review, the Court directed

1

defendants to respond to the following: (1) Fourteenth Amendment excessive force and failure-to-protect claims against Assistant District Attorney Ariel Fallon, Correctional Officers Dave and Mark L, and Sergeant McNally; and (2) Fourteenth Amendment claims against Dave, Mark L., and McNally related to Plaintiff's conditions of confinement and deliberate medical indifference. *Id*. Plaintiff was directed to "take reasonable steps through discovery to ascertain the identities of C.O. Dave and C.O. Mark L." *Id*. at 15. Plaintiff was advised that his failure to timely serve those defendants could result in dismissal of the claims asserted against them and termination of those defendants from the action.[1] *Id*.

In May 2019, Plaintiff filed a motion for the appointment of counsel. Dkt. No. 17. In a Decision and Order filed on June 10, 2019 (the "June Order"), the Court denied the motion. Dkt. No. 18.

Presently before the Court is Plaintiff's motion to substitute a named defendant for "Mark L." Dkt. No. 16. Plaintiff has also filed a motion for reconsideration of the June Order. Dkt. No. 20.

## II. DISCUSSION

### A. Identity of "Mark L." and Doe Defendants

Plaintiff has identified "Mark Snyder" as the officer who allegedly assaulted him in August 2015. Dkt. No. 16. In accordance with the April Order, and in light of the information provided in Plaintiff's submission, the Clerk of the Court is directed to amend the docket report to replace defendant "Mark L." with "Mark Snyder". The Complaint shall be deemed amended to reflect the full name of this Defendant.

---

[1] On June 24, 2019, Defendants Fallon and McNally filed an Answer to the Complaint. Dkt. No. 21.

2

Plaintiff also advises that he is unable to identify the remaining Doe defendant, C.O. Dave. Plaintiff is directed to continue his efforts to identify C.O. Dave during discovery.

**B.      Motion to Reconsider**

**1.      June Order**

Plaintiff moved for counsel arguing *inter alia*, that he suffers from a learning disability and has limited access to the law library. Dkt. No. 17 at 1. In support of the motion, Plaintiff provided a letter from a law firm documenting his attempt to retain counsel. Dkt. No. 17-1. In the June Order, the Court denied Plaintiff's motion for counsel holding

> While the court accepts Plaintiff's statements [regarding his learning disability and law library access] as true, most inmate plaintiffs are unfamiliar with the law and would benefit from appointed counsel. However, this court must be mindful, as the Second Circuit has admonished, of the scarcity of volunteer lawyers and the need to allocate that resource with the utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 172 (noting that "[v]olunteer lawyer time is a precious commodity.").

Dkt. No. 18 at 4.

The Court also addressed the letter from the law firm

> The letter is dated February 15, 2019 and is from a paralegal at a law firm in New York City ("the Emery Law Firm"). The letter does not decline to represent Plaintiff. Instead, the letter requests further information from Plaintiff regarding his complaint. (*Id*.) The firm apparently has a case pending against Albany County Jail on behalf of other inmates. (*Id.*) Plaintiff asks the court to appoint a specific attorney from the Emery Law Firm, based on the letter he received from the firm. (Dkt. No. 17). If an attorney from the Emery Firm elects to represent Plaintiff and/or Plaintiff joins another pending action in which the plaintiffs are already represented by the Emery Firm, it will not be necessary for the court to appoint counsel. If the Emery Firm ultimately declines to represent Plaintiff, then this court can consider appointment of counsel at a later time.

3

Dkt. No. 18 at 4.

### 2. Legal Standard

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

### 3. Application

Plaintiff seeks reconsideration of the June Order to remedy a clear error of law or to prevent manifest injustice. *See* Dkt. No. 20. In the interests of justice, the Court will grant Plaintiff's request for reconsideration and will review anew Plaintiff's motion for counsel.

With his motion for reconsideration, Plaintiff attached a letter dated June 3, 2019 from attorneys at the Emery Law Firm. Dkt. No. 20-1. In the letter, the attorneys state *inter alia*, "[t]o be clear, we do not and cannot represent you in the lawsuit." *Id*.

The Court has thoroughly reviewed Plaintiff's motion and the letter from the Emery Law Firm, with consideration of the factors outlined in the June Order, and finds no change of

circumstances that would warrant appointment of counsel pro bono for Plaintiff at this time. Plaintiff's learning disability and mental health condition have not prevented him from effectively litigating this matter thusfar. *See Candelaria v. Geifinger*, No. 96-CV-0017 (RSP/DS), 1998 WL 312375, at *2 (N.D.N.Y. June 8, 1998) (denying motion to appoint counsel because the plaintiff's health did not prevent him from effectively litigating the action).

Therefore, for the reasons set forth herein and in the June Order, Plaintiff's motion for counsel is denied, without prejudice. Plaintiff is advised that if the case survives dispostive motions and proceeds to trial, Plaintiff may file a new motion for the appointment of counsel.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to substitute "Mark Snyder" for "Mark L." (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that the Clerk shall revise the docket to add "Mark Snyder" as a defendant in place of defendant "Mark L."; and it is further

**ORDERED** that the Clerk shall issue a summons and forward it, along with copies of the Complaint, to the United States Marshal for service upon the defendant. The Clerk shall forward a copy of the summons and Complaint to the Office of the County Attorney for Albany County, together with a copy of this Decision and Order; and it is further

**ORDERED**, that a response to the Complaint be filed by the defendant, or his counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that Plaintiff's motion for reconsideration of the June 2019 Order (Dkt. No.

5

20) is **GRANTED**; and it is further

**ORDERED** that, upon reconsideration, Plaintiff's motion for the appointment of counsel is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Dated: July 8, 2019

*Andrew T. Baxter*
Hon. Andrew T. Baxter
U.S. Magistrate Judge