UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NICHOLAS DAYTER,

                    Plaintiff,

   -against-                                   9:19-CV-0301 (LEK/ATB)

ARIEL FALLON, *et al.*,

                      Defendants.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Nicholas Dayter commenced this civil rights action asserting claims arising out of his confinement at Albany County Correctional Facility. Dkt. No. 1 ("Complaint"). In a Decision and Order dated, April 22, 2019, the Court reviewed the sufficiency of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and permitted the following claims to proceed: 1) Fourteenth Amendment excessive force and failure to protect claims against Assistant District Attorney Ariel Fallon, Correction Officers Dave and Mark L., and Sergeant McNally; and 2) Fourteenth Amendment conditions of confinement and deliberate medical indifference claims against Dave, Mark L., and McNally. Dkt. No. 10 ("April 2019 Decision and Order").

On June 24, 2019, Fallon and McNally filed an answer to the Complaint. Dkt. No. 21 ("Fallon and McNally Answer").

On July 8, 2019, the Court issued a Decision and Order that granted Plaintiff's motion to substitute "Mark Snyder" for "Mark L." Dkt. No. 23 ("July 2019 Decision and Order").

On July 29, 2019, Plaintiff filed a motion requesting the Court issue a stay in his case, which would last until his release from prison in July 2020, so that he could find an attorney to help him prosecute the action. Dkt. No. 31 ("July 2019 Letter"). The Court denied Plaintiff's request on August 22, 2019. Dkt. No. 32 ("August 2019 Decision and Order").

On September 5, 2019, Fallon and McNally filed an Amended Answer and Snyder filed his answer. Dkt. Nos. 36 ("Fallon and McNally Amended Answer"); 37 ("Snyder Answer").[1]

On January 24, 2020, Plaintiff filed a motion for preliminary injunctive relief. Dkt. No. 46 ("Motion for Preliminary Injunction"). While the motion was pending, on March 11, 2020, Plaintiff filed a letter request asking the Court to dismiss his action. Dkt. No. 47 ("Motion to Discontinue"). Plaintiff's request for dismissal states, in pertinent part:

> I[']m writing you this letter today to respectfully request from the Court that you dismiss my pending lawsuit against Ariel Fallon (Etc). I would like to drop the lawsuit pending against them and I would not like to pursue this lawsuit matter and would like for you to dismiss this case on my behalf[.]

Id.

Although Plaintiff did not clarify in his Motion to Discontinue whether he is requesting the Court dismiss his case without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(2), the Court construes the Motion to Discontinue to make such a request. See Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 544 (D. Conn. 2006) ("In light of Rule 41(a)(2)'s statement that voluntary dismissal by order of the court is without prejudice unless the court

---

[1] The Court will refer to Fallon, Snyder, McNally, and Dave collectively as, "Defendants."

orders otherwise, the court assumes that [the plaintiff] has agreed only to voluntary dismissal without prejudice.")

While Defendants consent to Plaintiff's request for voluntarily dismissal without any suggestion that dismissal should be with prejudice, Dkt. No. 48 ("Response to the Motion to Discontinue"), their proposed stipulation of discontinuance requires dismissal of Plaintiff's action with prejudice. Dkt. No. 48-1 ("Proposed Stipulation of Discontinuance"). Thus, the Court must determine whether to dismiss Plaintiff's case with or without prejudice.

For the reasons that follow, the Court grants Plaintiff's Motion to Discontinue and dismisses his action without prejudice.

## II. LEGAL STANDARD

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2).[2] "Although voluntary dismissal without prejudice is not a matter of right, courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted." Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262, 2012 WL 1887126, at *2 (E.D.N.Y. May 23, 2012) (citing Team Obsolete Ltd. v. A.H.R.M.A. Ltd., 216 F.R.D. 29, 36 (E.D.N.Y. 2003)).

Courts in this Circuit may consider five factors when determining whether to dismiss a case pursuant to Rule 41(a)(2) with prejudice:

> [1] the plaintiff's diligence in bringing the motion; [2] any 'undue vexatiousness' on plaintiff's part; [3] the extent to which the suit has

---

[2] There are exceptions to the requirement that a plaintiff may dismiss his or her action only with a court order, see Rule 41(a)(1), none of which are applicable here.

3

> progressed, including the defendant's efforts and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir.1990). The Zagano "factors are not necessarily exhaustive and not one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted). The decision to grant a motion for dismissal without prejudice falls within the discretion of the district court. See United States v. Cathcart, 291 F. App'x 360, 361 (2d Cir. 2008).

## III. DISCUSSION

"In the circumstance where no possibility of relitigation at the instance solely of the plaintiff exists, the Zagano factors have little, if any, relevance. However, the Zagano factors apply where . . . the moving party is seeking to have the unfettered opportunity to renew claims against the non-moving party." Paulino v. Taylor, 320 F.R.D. 107, 110 (S.D.N.Y. 2017) (citations and internal quotation marks omitted). While Plaintiff "does not express any intent to renew his lawsuit, the effect of a without-prejudice dismissal would be to permit a second lawsuit; as such the Court, analyzes the Zagano factors." See Carbajal v. Miller Bros. Landscape Maint., LLC, No. 18-CV-7070, 2020 WL 578822, at *3 (E.D.N.Y. Jan. 3, 2020), report and recommendation adopted by No. 18-CV-7070, 2020 WL 588320 (E.D.N.Y. Feb. 6, 2020. An application of the Zagano factors to this case suggests Plaintiff's case should be dismissed without prejudice.

Regarding the first factor, Plaintiff appears to have been "sufficiently diligent in seeking withdrawal of the Complaint." See Higher One, Inc. v. TouchNet Info. Sys., Inc., No. 10-CV-1435, 2014 WL 4798546, at *3 (D. Conn. Sept. 26, 2014). "When analyzing whether a

4

party was diligent or not in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05-CV-3939, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008). Defendants do not suggest that they "expended resources or otherwise detrimentally relied on a reasonable expectation that [Plaintiff] would pursue [his] remaining claims." See Banco Central De Paraguay v. Paraguay Humanitarian Found., Inc., No. 01-CV-9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov.30, 2006). Hence, the first factor weighs in favor of dismissal without prejudice.

As to the second factor, "[v]exatiousness refers to instances in which a case is brought to harass a defendant or in which a plaintiff had an ill-motive." Luis v. Marabella Pizza, LLC, No. 18-CV-4052, 2019 WL 4261946, at *3 (E.D.N.Y. Aug. 23, 2019), report and recommendation adopted by No. 18-CV-4052, 2019 WL 4261616 (E.D.N.Y. Sept. 9, 2019). Here, Defendants have presented no "evidence of any ill-motive" on Plaintiff's part in bring this suit. See Jewelers Vigilance Comm., Inc. v. Vitale Inc., No. 90-CV-1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997). Consequently, this factor also weighs in favor of dismissal without prejudice.

The next two factors, "the extent to which the suit has progressed, [and] the duplicative expense of relitigation," Zagano, 900 F.2d at 14, generally "weigh[] against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated," Morehouse v. Clifford, No. 14-CV-1359, 2016 WL 51254, at *3 (N.D.N.Y. Jan. 4, 2016) (citing Zagano, 900 F.2d at 14–15)). "Where," as here "cases have barely been litigated, there is correspondingly little concern about the expense of relitigation for defendants." See Krulls v. CIRG, LLC, No.

5

09-CV-806, 2011 WL 2470471, at *2 (N.D.N.Y. June 20, 2011); see also Brinn v. Hofstra Univ., No. 15-CV-145, 2015 WL 7756126, at *2 (E.D.N.Y. Dec. 1, 2015) ("Little to no discovery took place and the . . . defendants could presumably use any motion papers or discovery they have already drafted if plaintiff refiles this matter."). Accordingly, the third and fourth factors also weigh in favor of dismissal without prejudice.

With respect to the final factor, Plaintiff has not offered any explanation, let alone an adequate one, for his need to dismiss the action. However, "any shortcomings in [P]laintiff's explanation are not sufficient to overcome the other four factors, which strongly counsel in favor of dismissal" without prejudice. See Benitez v. Hitachi Metals Am., Ltd., No. 11-CV-6816, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012).

In sum, the Court grants Plaintiff's Motion to Discontinue and dismisses the action without prejudice.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Discontinue (Dkt. No. 47) is **GRANTED**. Plaintiff's action is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 46) is **DENIED as moot**; and it is further

**ORDERED**, that Defendants' Proposed Stipulation of Discontinuance (Dkt. No. 48-1) is **DENIED as moot**; and it is further

**ORDERED**, that the Clerk shall close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	April 07, 2020
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge